IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CORDELL A. CUTLER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | 8:15CV315 |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN GAGE, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondent argues that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

On January 13, 2004, Petitioner was sentenced to prison after being convicted of sexual assault, kidnapping, and false imprisonment. (Filing No. 9-5.) The Nebraska Court of Appeals affirmed the conviction on January 20, 2005. (Filing No. 9-1.) Petitioner filed a petition for further review, which was denied by the Nebraska Supreme Court on June 8, 2005. (Filing No. 9-1.) The mandate issued on June 14, 2005. (Filing No. 9-1.)

Petitioner filed a motion for post-conviction relief on April 9, 2012, which was later denied by the state district court. (Filing No. 9-4.) The district court's decision was affirmed by the Nebraska Court of Appeals on February 5, 2015, and Petitioner's request for further review was denied by the Nebraska Supreme Court on March 11, 2015. (Filing No. 9-3 at CM/ECF p. 2.)

Petitioner filed his Petition for Writ of Habeas Corpus on August 24, 2015. (Filing No. 1.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

Petitioner's habeas petition is untimely. Petitioner's petition for further review on direct appeal was denied by the Nebraska Supreme Court on June 8, 2005. (Filing No. 9-1.) Thus, the statute of limitations began to run on September 6, 2005, which is 90 days after Petitioner's conviction became final. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for writ of certiorari with the United States Supreme Court).

Petitioner did not file a motion for post-conviction relief until April 9, 2012. Although the filing of a post-conviction motion typically tolls the limitations period, it did not do so in this case. By the time Petitioner filed his post-conviction motion, the entire limitations period had already expired. *See Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Therefore, Petitioner's habeas petition is time-barred.

Petitioner has not explained why he should be excused from the procedural bar of the statute of limitations, and the court finds no basis for doing so. Petitioner is not entitled to equitable tolling because he has not demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from seeking habeas relief. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Moreover, Petitioner is not entitled to the protection of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27. Petitioner has not pointed to any new evidence indicating that he is actually innocent.

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2. The court will enter a separate judgment in accordance with this order.

DATED this 8th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge